Argued February 18, affirmed March 10, 1975

STATE OF OREGON, *Respondent, v.*
BUD MORRIS (No. 1035-C), *Appellant.*

532 P2d 814

*Donald R. Wilson,* Portland, argued the cause for appellant. On the brief was Keith Burns, Portland.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and LEE, Judges.

LANGTRY, J.

Defendant appeals from his conviction of at-

tempted theft in the first degree.[1] The indictment actually charged first degree theft but the trial judge, sitting as the trier of fact, found that the evidence proved only the lesser included crime of attempt. The only question now is whether there was sufficient evidence to support the conviction.

■ In deciding the sufficiency of evidence to support a criminal conviction, this court must consider the record in the light most favorable to the state. *State v. Nix,* 7 Or App 383, 386, 491 P2d 635 (1971). Evidence was presented as follows:

Defendant raises cattle in Harney County. On November 23, 1973 other ranchers discovered defendant gathering strays. The ranchers recognized certain of those which had been gathered as belonging to themselves and neighbors and therefore cut them loose. They also asked defendant to turn out any others which were not his own but no additional cattle were released. Rather, defendant drove all those remaining onto his own land. It was one of these cows which defendant was eventually convicted of attempting to steal.

The ranchers left but returned the next day with a police officer. They found the cow in question on defendant's land, wearing defendant's ear tag. The

---

[1] ORS 164.015 provides:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof * * *

"* * * * *."

ORS 161.405(1) provides:

"A person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

testimony was that such an ear tag, while it is not by itself proof of ownership, is often used to identify the owner of a cow, particularly in the cold season when long hair covers brands. Moreover, it would have been unnecessary to sell the cow—which would have required furnishing proof of ownership to the buyer—in order for defendant to have profited from his possession; rather, he need only have kept the cow indefinitely, each year harvesting the calf.

When the ranchers announced their intention to clip the cow's hair in order to check the brand, defendant replied:

"* * * [W]hy are [you] roping that cow. You can tell that's my cow, she's got my tag in her ear * * *."

The cow's hair was nevertheless clipped, whereupon the brand of another rancher was revealed.

■ Defendant contends specifically that the requisite intent could not have been inferred from the evidence, *see* ORS 164.015 (n 1), and that, even if we assume that criminal intent was present, his conduct did not constitute a substantial step toward the commission of the substantive crime of theft, as required by ORS 161.405(1) (n 1). Viewing the evidence in the light most favorable to the state, we think it was sufficient from which to infer intent. Placing an identification tag in the ear of a cow and driving her onto one's own land with the requisite inferred criminal intent must be considered a substantial step toward the commission of a theft.

Affirmed.